## CHARLES HAHN v. AUGUST KORDULA.

### No. 211.

1. VICIOUS DOG — *action for injuries from, petition states cause of action.* A petition which alleges that the defendant was the owner and keeper of a vicious dog accustomed to attack and bite mankind, that the defendant knew the character and propensities of the dog and permitted him to run at large, and that the dog while being permitted to so run at large attacked and bit the plaintiff and wounded him, inflicting upon him serious injuries, charges a cause of action against the defendant and in favor of the plaintiff.

2. ———— *vindictive damages, what are sufficient allegations to warrant.* In order to authorize the jury in such a case to award vindictive or punitive damages, it is sufficient to allege that the defendant knowingly kept and harbored a vicious dog, and permitted him to run at large, regardless of the rights of the citizens of a city of the first class. Such charge implies necessarily such gross negligence or wantonness as to authorize the court to charge the jury that they might award vindictive or punitive damages.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed April 30, 1897.   *Affirmed.*

*Moore & Berger*, for plaintiff in error.

*George Littick*, and *Nathan Cree*, for defendant in error.

MAHAN, P. J.   This is an action brought by the defendant in error against the plaintiff in error in the Common Pleas Court of Wyandotte County, to recover damages occasioned by injuries sustained, on the fourth day of April, 1892, in being bitten by a dog kept and harbored by the plaintiff in error at his place of business in the city of Kansas City.   The case was tried to the court and a jury, and resulted in a verdict and judgment for two hundred and fifty dollars and costs, against the plaintiff in error, defendant below, who brings the case here for review.

The first contention of the plaintiff in error is, that the petition is insufficient to charge a cause of action against the plaintiff in error and in favor of the defendant in error, and that the court erred in overruling the plaintiff's objection to the introduction of testimony thereunder.

The petition charges that the defendant, plaintiff in error, was the owner and keeper of a vicious dog, and that the dog attacked and bit the plaintiff and wounded him ; that the dog was of a savage and ferocious nature, and that it was accustomed to attack people, and had frequently attacked persons and bitten and lacerated them, all of which was known to the defendant ; that it attacked and bit the plaintiff, and that he received from the attack serious injuries which endangered his life, confined him to his bed for two weeks,

and caused him to suffer great bodily pain ; and that he spent considerable money in healing himself.

It is sufficient to say that the petition clearly charges a cause of action ; and not only that, but it charges the defendant with such wantonness as not only to warrant a recovery for the natural and proximate damages occasioned by the attack of the dog, but to subject the plaintiff in error to vindictive or punitive damages.

1. Pleadings sufficient.

The facts appear to be, and they are not seriously disputed, that on James Street, in Kansas City, the plaintiff in error owned property consisting of a dwelling house and another separate building in which he kept a beer saloon, or " joint," as the court below termed it ; that the defendant in error was accustomed to visit the " joint " and procure beer to drink ; that the plaintiff in error kept about the yard and the saloon a dangerous and savage dog which had bitten people other than the defendant in error, and that this had come to the notice and knowledge of the plaintiff in error. It appears that the plaintiff in error observed the attack of the dog on the defendant in error and took no steps toward protecting him, but, when applied to to make restitution for the wrong, claimed he was exempt from any responsibility for injuries inflicted by his dog on " bums ; " in other words, the plaintiff seemed, so far as this dog was concerned, to be without regard for the rights of other people. He sought to exonerate himself by claiming that the dog was not his ; that it belonged to his son-in-law, who occupied three or four rooms in the dwelling house and paid rent therefor, and with whom the plaintiff in error boarded. Other parts of the house were rented to other tenants, but neither the saloon building nor the adjacent yard was rented to anyone ; they were con-

trolled by the plaintiff in error.  It was in the yard appurtenant to the saloon that the injury occurred, and the plaintiff in error not only permitted and encouraged the dog to be there, but kept it there, paid a license-tax for it, and was, in short, responsible for the dog being harbored about the premises.

The second contention is that the court erred in instructing the jury that the plaintiff might recover vindictive or punitive damages; for the reason that the instruction was not within the issues of the case. But, as heretofore stated, it was alleged in the petition that the plaintiff in error knowingly, and without regard to the rights of others, kept and harbored a dog that was liable to attack his patrons at any time.   And while it is not charged, in terms, that the keeping of the dog was wanton, wilful and malicious, yet the charge made in the petition implies as much.  So there was no error in instructing the jury that under the evidence the plaintiff was entitled to recover punitive or vindictive damages.

2. Vindictive damages warranted.

The third assignment of error is to the same effect.

We discover no error in the record.  On the contrary, it appears that the plaintiff in error escaped with a very light punishment for his conduct toward the defendant in error, and that the defendant in error received a slight compensation for the undoubtedly serious injuries inflicted upon him.

The judgment is affirmed.